# IN THE COURT OF APPEALS OF IOWA

No. 18-2091
Filed March 6, 2019

**IN THE INTEREST OF W.S., S.A.-Y, and E.A.-Y.,**
**Minor Children,**

**S.A.-Y., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Susan Flaherty, Associate Juvenile Judge.

        The mother appeals the termination of her parental rights to her three children. **AFFIRMED.**

        Robert W. Davison, Cedar Rapids, for appellant mother.

        Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

        Julie F. Trachta of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor children.

        Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

The mother appeals the termination of her parental rights to her three children: W.S., born in 2010; S.A.-Y., born in 2011; and E.A.-Y., born in 2015.[1] The mother maintains the State did not prove the statutory grounds for termination, termination is not in the children's best interests, and the parent-child bond weighs against termination.

We review termination proceedings de novo. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

Here, the juvenile court terminated the mother's parental rights to W.S. and S.A.-Y. pursuant to Iowa Code section 232.116(1)(f) (2018) and to E.A.-Y pursuant to section 232.116(1)(h). The two subsections contain similar elements, and the mother does not dispute there is sufficient evidence to establish the first three elements of paragraphs (f) and (h). She does contest the fourth element, common to both paragraphs—that the children could not be returned to her custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4), (h)(4); *see also In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (defining "at the present time" to mean "cannot be returned to the parents' care at the time of the termination hearing").

We acknowledge the evidence at the termination trial established that the mother is able to meet the needs of and appropriately care for the children during visits. However, we agree with the juvenile court that the risk of adjudicatory harm to the children persists. *See In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992) ("[A]

---

[1] The juvenile court also terminated the parental rights of the fathers of the children. No father appeals.

child cannot be returned to the parent under Iowa Code section 232.102 if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication.").

The Iowa Department of Human Services (DHS) has been involved with the mother and her children off and on since the oldest child was born in 2010. DHS's current involvement began in 2015 when, only a short time after E.A.-Y. was prematurely born and while he remained in the hospital, the mother traveled with her sister to Florida. The mother left the older two children with a woman who has an intellectual disability. The mother's sister also left her children with the woman, and during the several days they were away, one of the sister's children suffered third-degree burns while in the woman's care. DHS became involved, and it was determined W.S. had a fractured bone in his arm that had occurred approximately six weeks earlier. The mother maintained she was not aware of and could not explain the injury.

After the children's initial removal in February 2015, they were returned to the mother's custody in July of that same year and remained there until August 2016.[2] The children's second removal was based upon a founded report the mother physically abused the middle child when she used a cord to "whoop" her. At that time of removal, the middle child also tested positive for THC. Between the August 2016 removal and the termination trial in summer 2018, the children remained outside of the mother's care except for a few-week period beginning in December 2017; the trial home visit was cut short after the mother tested positive

---

[2] DHS services and involvement continued while the children were returned to their mother's care.

for cocaine. Throughout DHS's involvement with the family, the mother periodically tested positive for marijuana, cocaine, and methamphetamine, including in the months leading up to the termination trial. She tested positive for cocaine as late as July 2018—between the two days of the termination trial on July 6 and August 1, 2018—but at trial continued to deny she had ever used methamphetamine or cocaine. Additionally, the mother was unemployed at the time of trial, and it was not clear she had the financial means to support the three children. We agree with the juvenile court that the children could not be returned to the mother's care at the time of the termination hearing.

The mother maintains termination of her parental rights is not in the children's best interests. *See* Iowa Code § 232.116(2). As part of her argument, the mother claims the bond she shares with the children weighs against termination.[3] Additionally, she maintains the children would not suffer any additional harm if she was given "a few more months to prove that she can more than adequately care for the children and keep them safe." We agree with the mother's claim that she shares a bond with the children; their bond was recognized by multiple witnesses at trial. However, we disagree with the mother's contention that additional delay will not harm the children. *See C.B.*, 611 N.W.2d at 495 ("Once the limitation period lapses, termination proceedings must be viewed with a sense of urgency. . . . Time is a critical element."); *see also In re R.L.*, 541 N.W.2d 900, 904 (Iowa Ct. App. 1995) ("[T]ermination of parental rights is preferable to long-term foster care."). The juvenile court already gave the mother

---

[3] This argument is more appropriate under a "permissive factor" argument pursuant to section 232.116(3)(c).

additional time to work toward reunification at the request of DHS in June 2017. Since that time, the mother has not progressed to a point where she is able to care for the children safely full time. The mother cannot expect unlimited patience, as "patience on behalf of the parent can quickly translate into intolerable hardship for the children." *In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989). Moreover, with the mother's continued denial regarding her use of illegal and mind-altering substances, the evidence does not support a claim that she could be reunified with the children in a few months. *See* Iowa Code § 232.104(2)(b).

More than three years into DHS's involvement with the family, the mother is unable to provide the children with stability and permanency. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (recognizing the "defining elements in a child's best interests" are the "child's safety and his or her need for a permanent home"). We recognize termination of the mother's parental rights will cause the children some anguish, but that fact does not prevent us from concluding it is in these children's best interests. *See In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010) (noting children must not be deprived of permanency on the hope that someday the parent will be able to provide a stable home).

We affirm the juvenile court's termination of the mother's parental rights.

**AFFIRMED.**